IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | CASE NO. 8:05CV215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROBERT RUDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion for Default Judgment (Filing No. 9) and upon the Defendant's Motion to Set Aside Clerk's Entry of Default (Filing No. 10). The parties have briefed the issues and presented evidence (Filing Nos. 11, 12, and 18-21). I turn first to the Defendant's motion.

### Standard to Set Aside Entry of Default

A motion to set aside a clerk's entry of default may be granted for good cause. Federal Rule of Civil Procedure 55(c) provides that "for good cause shown, the court may set aside an entry of default . . ." Courts in this circuit have considered three factors in determining whether good cause exists: 1) whether the defendant intentionally delayed in responding to the complaint; 2) whether the plaintiff would be unfairly prejudiced; and 3) whether there is a meritorious defense. *See U.S. ex rel. Shaver v. Lucas Western Corp.,* 237 F.3d 932, 933 (8th Cir. 2001)(affirming the district court's decision to set aside the clerk's entry of default); and *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998) (noting that a motion to set aside clerk's entry of default is subject to more lenient "good cause" standard than is motion to set aside default judgment).

**Procedural Background**

On May 11, 2005, Plaintiff Steven M. Denenberg filed the Complaint in this case. (Filing No. 1). His attorney, Norman Denenberg,[1] states that he provided a copy of the Complaint and a waiver of summons to Defendant Robert Ruder by sending them via United States mail along with a self-addressed, stamped envelope and an extra copy of the waiver to 8816 Burton Way in Beverly Hills, California. (Filing No. 19, Norman "Denenberg Aff." ¶2, Ex. 1). This fact is not disputed by Ruder or by his attorney, Erik Syverson, though Syverson seems to deny that he ever received them from Ruder. (*See* Filing No. 12, Syverson Aff. ¶ 2, Exs. A-D). On June 9, 2005, Denenberg's attorney informed Ruder that a summons would issue if Ruder failed to return the waiver in seven days. (Denenberg Aff. ¶ 3). On June 29, 2005, Syverson contacted the Plaintiff's attorney to tell him that Syverson was representing Ruder, and that Ruder would cooperate to waive summons but that he needed an extension of time. (*Id.* at ¶4). Plaintiff's counsel offered him an additional 7-10 days. Also on June 29, Plaintiff's counsel faxed to Syverson copies of what he had previously mailed to Ruder on May 11, 2005. (*Id.*).

From late July through mid-August, Ruder was on vacation. (*See* Denenberg Aff. Ex. 3). On July 25, 2005, having not heard from the Defendant or his counsel, Plaintiff's counsel again contacted Syverson to ask the reason for the delay, at which time, perhaps for the first time, Syverson stated that he would not waive the service of summons because Plaintiff had not provided the self-addressed stamped envelope so that Ruder could return the waiver at no cost to him nor a copy of the waiver. (*Id.* at ¶5). This conversation was

---

[1] Because Plaintiff and his counsel share the same surname, Norman Denenberg will be referred to throughout for clarity as "Plaintiff's counsel."

memorialized by Syverson in his letter of the same date to Plaintiff's counsel.  (Syverson Aff. Ex. A)

On July 26, 2005, a summons was issued by the Clerk of the Court to the Plaintiff. (Filing No. 4).  Plaintiff's counsel hired a process server who, on August 8, 2005, personally served the summons and Complaint upon Adel Barrella, who is identified in the sworn declaration of the process server as a "co-occupant" of Ruder's residence and a "live-in housekeeper."  (*Id.* at ¶¶ 6-7 and Filing No. 5).  The executed summons was filed on August 30, 2005 (Filing No. 5).

Ruder had actual knowledge of the summons and complaint at least by August 18, 2005, because in correspondence from Syverson to Plaintiff's counsel of the same date, Syverson acknowledged that Plaintiff had sent a summons and a copy of the Complaint to Ruder's "place of business." (Denenberg Aff. at Ex. 3).  These documents were likely sent to Ruder under cover of Denenberg's May 12, 2005, correspondence.  By August 29, 2005, Plaintiff's counsel had informed Syverson that Ruder had been personally served with the summons and complaint.  (Syverson Aff. Ex. E, and *see*, Exs. F-H).  According to the affidavit submitted by Ruder, Ruder was not aware that Adel Barrella had signed for the summons and complaint that was delivered to home until October 3, 2005.  (Filing No. 21, Ruder Aff. ¶2).

There is no certificate of service on file demonstrating that Plaintiff sent Ruder a copy of either the affidavit offered in support of the Clerk's entry of default or of the Application for Default Judgment, as is required by NECivR 5.4(a) and (b).  However, the docket entry for filing number 8, the Clerk's Entry of Default, states "Copy sent to defendant via US Mail. (MKR ) (Entered: 09/14/2005)."  Ruder did not make an

appearance in this matter until October 5, 2005, when he filed the motion to set aside the Clerk's Entry of Default.

## Analysis

In determining whether Ruder has shown good cause to set aside the Clerk's Entry of Default, I have considered whether Ruder intentionally delayed in responding to the complaint; 2) whether Denenberg will be unfairly prejudiced if the Court allows the matter to proceed; and 3) whether Ruder has shown a meritorious defense.

Certainly a defendant is not required to waive service of process according to Fed. R. Civ. P. 4, provided that the defendant is prepared to bear the costs involved in obtaining service of process by a process server and absent a showing of good cause. *See* Rule 4(d)(2). The record indicates that Denenberg followed the procedures set forth in Rule 4(d), but the record is silent as to Ruder's response to the May 11, 2005, correspondence, except that these documents were likely the documents Ruder "became aware" of upon his return to his office in mid-August. (Denenberg Aff. Ex. 3). These facts would be of no consequence except that these events give rise to the appearance that Ruder intentionally delayed in responding to the Complaint.

Regardless of what happened to the May 11, 2005, correspondence from Denenberg, when the process server left a copy of the summons and complaint at Ruder's residence on August 8, 2005, with Adel Barrella, it appears that the requirements of Rule 4 were satisfied. While Ruder may intend to contest the sufficiency of the service of process obtained on August 8, 2005, [2] Ruder has provided no evidence to support such

---

[2] Ruder has not disputed that Barrella is a co-occupant and live-in housekeeper. Rather, Ruder argues only that Barrella is not a person "of suitable age and discretion." (Filing No. 11 at

4

a challenge in connection with this motion. Even after August 29, 2005, when Ruder's counsel was informed that a process server had returned the summons noting that personal service was obtained on August 8, 2005, Ruder did not make an appearance in this matter. The Clerk's Entry of Default was filed on September 14, 2005, and Ruder did not appear until October 5, 2005. The Defendant's attorney argues that he sought to cooperate fully, but his failure to address what happened to the May 11, 2005, correspondence, and his decision to ignore the information from Plaintiff's counsel regarding personal service upon Ruder, indicate otherwise. I find this factor weighs against a finding of good cause and against setting aside the Clerk's entry of default.

However, I find that there would be no unfair prejudice to Denenberg if this case is allowed to proceed on the merits. Denenberg's prosecution of his claim has been delayed by a few months, and being unable to refer to a certificate of service on the affidavit and application for default judgment, the Court can fairly infer that some of that delay was caused by Denenberg's failure to serve documents upon Ruder. If Denenberg sustained any additional loss or injury caused by the delay, then such loss can be addressed by any award of damage he may be entitled to receive. This factor weighs in favor of finding good cause to set aside the entry of default, as does the third factor discussed below.

With regard to the third factor, I find that Ruder may have a meritorious defense. Ruder contends that he has a defense based on the Court's alleged lack of personal

---

7). Proof of that assertion, Ruder argues, is that Barrella did not give the summons and complaint to Ruder. (*Id.*). At least two courts have found a housekeeper to be competent for purposes of accepting service of process. *See Reynolds Corp. v. National Operator Services, Inc.*, 208 F.R.D. 50, 53-54 (W.D.N.Y. 2002) (applying California law), and *Boston Safe Deposit and Trust Co. v. Morse*, 779 F. Supp. 347, 350 (S.D.N.Y. 1991).

5

jurisdiction over him.  It also appears that Ruder is prepared to challenged the existence and validity of the copyrights claimed by Denenberg, and to demonstrate that he has not infringed on any copyright, or, if he has, the infringement has not damaged Denenberg. (*See* Filing No. 11 at 5-6 and n. 1).  While Ruder has offered scant proof in support of these defenses, I conclude that the factor weighs in favor of a finding of good cause. *See Johnson v. Dayton Elec. Mfg. Co.* 140 F.3d at 785.

### Conclusion

Because two of the three factors identified in *Shaver* and *Johnson*, *supra*, weigh in favor of finding good cause, I conclude that good cause to set aside the clerk's entry of default has been shown by Ruder.  Accordingly,

IT IS ORDERED:

1. Defendant Robert Ruder's Motion to Set Aside the Clerk's Entry of Default (Filing No. 10) is granted;

2. The Clerk's entry of default is hereby set aside;

3. Plaintiff Steven M. Denenberg's Application for Default Judgment (Filing No. 9) is denied; and

4 Defendant Robert Rude shall answer or otherwise respond to the Complaint on or before Friday, November 4, 2005.

Dated this 27th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

6