## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | CASE NO. 8:05CV215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROBERT RUDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motions (1) to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3); or, in the alternative, (3) to transfer the action to the United States District Court for the Central District of California. (Filing No. 23). Both parties have submitted indexes of evidence in support of their respective positions. For the reasons stated below, the Defendant's motion to dismiss for lack of personal jurisdiction will be granted; the Plaintiff will be given leave to amend his Complaint with respect to his First, Second and Third Causes of Action; and the Plaintiff's Fourth Cause of Action will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## FACTS

When considering a motion to dismiss, the Court must view the factual allegations in the light most favorable to the plaintiff. *Digi-tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Thus, I will, as I must, accept all factual allegations in the Complaint (Filing No. 1) as true, and I will draw all reasonable inferences in favor of the Plaintiff, Steven M. Denenberg (hereafter "Denenberg"). *Id.* I also note that the Defendant, Robert Ruder (hereafter "Ruder") has not denied Denenberg's allegations

at this stage of the proceedings, although Ruder has submitted an affidavit and other evidentiary materials addressing the issues of personal jurisdiction and venue.

Denenberg is a plastic surgeon residing in Omaha, Nebraska. (Complaint ¶¶ 1, 3). Ruder is also a plastic surgeon, residing in California. (*Id.* ¶¶ 1, 2). Denenberg has an internet website that includes pictures of his patients, showing their appearance both before and after their plastic surgery that he performed. (*Id.* ¶ 5). The content of Denenberg's website is registered with the United States Patent and Copyright Office and is protected by copyright law.[1] (*Id.* ¶ 6). In or about the year 2004, Ruder established a website for his plastic surgery practice, displaying many pictures of Denenberg's patients copied from Denenberg's website. (*Id.*¶¶ 8-10).

On May 11, 2005, Denenberg filed his Complaint, alleging four causes of action. First, Denenberg seeks damages, injunctive relief, attorneys fees, interest, costs, and other relief under the United States Copyright laws, 17 U.S.C. § 101, *et seq.*[2] Second, he seeks damages, attorneys fees and costs under the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* (2004). Third, he seeks damages under the Lanham Act, 15 U.S.C. § 1125. Fourth, he repeats his cause of action under the Nebraska Consumer Protection Act, in terms not stating any claim upon which relief can be granted.[3]

---

[1] Although the Complaint does not specify the date of Denenberg's registration of his website, a copy of a Certificate of Registration in his index of evidence indicates that the registration was effective September 5, 2002. Filing No. 33-5.

[2] The Complaint alleges an infringement of copyright "within the meaning of Title 17, Chapter 15, of the U.S. Code." Complaint at ¶ 10. Title 17 of the United States Code has only 13 chapters, and it appears that Denenberg intends to refer to Chapter 5, 17 U.S.C. § 501, *et seq.*

[3] In his Fourth Cause of Action, Denenberg states that "Defendant's acts were *not* unfair and deceptive . . . ." (Complaint ¶ 17, emphasis added).

2

Ruder claims that he has never conducted business in Nebraska, solicited business from Nebraska, or had any contacts whatsoever with Nebraska or its residents. (Affidavit of Robert Ruder, Filing No. 25 (hereafter "Ruder Aff.") ¶¶ 6-13, 15). Ruder also claims that his website was established in California, and that all the documentary evidence and witnesses concerning his website are in California. (*Id.* ¶¶ 16-17). Finally, Ruder claims that it would work a severe hardship on him to be required to defend the action in Nebraska. (*Id.* ¶ 18).

Denenberg's brief (Filing No. 32) in opposition to Ruder's motions does not comply with NECivR 7.1(b)(1)(A), and Denenberg's index of evidence, including his affidavit (Filing No. 33-2), does not comply with NECivR 7.1(b)(2)(C). The brief contains seven pages of factual allegations with no citations to any evidentiary record (Filing No. 32, pp. 4-10), and Denenberg's affidavit simply states that "all of the facts stated in the Statement of Facts in said brief are true and correct." (Filing No. 33-2, ¶ 3). It is the deficiencies in the allegations in the Complaint itself, however, that lead me to conclude that Ruder's motion to dismiss should be granted, with Denenberg given leave to amend the Complaint.

## DISCUSSION

When deciding whether this Court has jurisdiction over a non-resident defendant, I first must determine whether the requirements of Nebraska's long-arm statute are satisfied. Second, I must ensure that the exercise of personal jurisdiction over the defendant would not violate due process. *Digi-tel*, 89 F.3d at 522.

Nebraska's long-arm statute extends jurisdiction over non-resident defendants to the full extent allowed by the Due Process Clause of the United States Constitution. Neb.

3

Rev. Stat. § 25-536 (1995), *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77 (1995).  Due process requires that a non-resident defendant have minimum contacts with the forum state such that the maintenance of a suit against the defendant does not offend traditional notions of fair play and substantial justice.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The non-resident defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  It is essential that "'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

If a defendant purposefully established minimum contacts with the forum state, the contacts must be analyzed to determine whether the exercise of personal jurisdiction over the defendant is consistent with fair play and substantial justice.  *Id.* at 476.  The Eighth Circuit applies a five-factor test: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents and (5) the convenience of the parties."  *Digi-tel*, 89 F.3d at 522-23, citing *Wessels, Arnold & Henderson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995).  The first three factors are of primary importance, and the last two are secondary.  *Id.*, citing *Minnesota Min. and Mfg. Co. v. Nippon Carbide Indus. Co.*, 63 F.3d 694, 697 (8th Cir. 1995).

The third factor – the relationship between the cause of action and the defendant's contacts with the forum – appears to be pivotal in this case.  Construing the Complaint liberally, Denneberg alleges that Ruder intentionally appropriated copyrighted photos from Denenberg's website that depict Denenberg's patients before and after surgery performed by Denenberg, and then posted the photos on Ruder's own website for the purpose of misleading and deceiving potential patients.  Such intentional conduct could well give rise to specific[4] personal jurisdiction over a defendant in the forum where a plaintiff's website was established, particularly if the website bore indicia that it was created in the forum, by a resident of the forum, or for the promotion of a business in the forum.  Due process is satisfied for purposes of specific personal jurisdiction if a defendant intentionally directed his activities at residents of the forum, and the litigation is based on injuries arising out of, or relating to, those activities.  *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1103 (8th Cir. 1996).

Denenberg points the Court to a Memorandum and Order issued by Judge Richard Kopf on December 20, 2002, in another action brought in this Court by Denenberg against a Pennsylvania dentist who, allegedly, copied text verbatim from Denenberg's website.[5]  In that Memorandum and Order, Judge Kopf denied the defendant's motion to dismiss for lack of personal jurisdiction, stating:

---

[4]  Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within a forum state, while general jurisdiction refers to the power of a state to hear any cause of action involving a particular defendant, wherever the cause of action arose.  *Bell Paper Box, Inc. v. U.S. Kids., Inc.*, 22 F.3d 816, 819 (8th Cir. 1994).

[5]  *Denenberg v. Berman*, U.S. Dist. Ct., D. Neb., 4:02cv7, Filing No. 32.

> The amended complaint alleges that the work involved in the creation of the Web site occurred in Nebraska, and the underlying computer code was created in Nebraska. . . . It further asserts that the copyright information on every page of Plaintiff's website listed Plaintiff's name and address in Nebraska, that Defendant stripped out Plaintiff's copyright notice and inserted his own name and address, and then posted the infringing material on this own Web site.  Having taken these actions, Defendant "should reasonably anticipate being haled into court" in Nebraska.  *World-Wide Volkswagen,* 444 U.S. at 297.  These contacts between Defendant and Nebraska constitute "purposeful availment" because they are not "random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party," *Burger King*, 471 U.S. at 475.  Thus Defendant's own actions created minimum contacts with Nebraska.
>
> . . . .
>
> When an intentional act is aimed at the forum with knowledge that the brunt of the injury" will be suffered in the forum, then the intentional tortfeasor must "reasonably anticipate being haled into court" in the forum. *Calder v. Jones*, 465 U.S. 789-90 (1984).  Here, Plaintiff has alleged intentional copyright infringement.  Defendant knew that the brunt of the injury from his copying would fall upon Plaintiff in Nebraska.

*Id.*, p. 4-5.

Although I fully concur with Judge Kopf's reasoning, the Complaint in this case contains no information or allegations regarding where Denenberg's website was created, nor what information the website contained that would have led a reasonable person to anticipate that an appropriation of material from the website could cause him or her to be "haled into court" in Nebraska.  While I am viewing the factual allegations in a light most favorable to Denenberg, and I am drawing all reasonable inferences in his favor, I will not supply key facts that are simply not alleged.  The Complaint, in its current form, does not allege facts from which I can conclude that this Court has personal jurisdiction over Ruder.

Because it appears that the Complaint is susceptible to amendment, and that a properly-amended Complaint could enable Denenberg's First, Second and Third Causes

of Action to survive motions to dismiss, I will give Denenberg leave to amend his Complaint with respect to those causes of action.

Denenberg's Second and Fourth Causes of Action both refer to the Nebraska Consumer Protection Act, Neb. Rev. Stat § 59-1601, *et seq.* (2004). These causes of action are identical, with one exception. The Second Cause of Action states that "Defendant's acts were unfair and deceptive and a violation of the Nebraska Consumer Protection Act," while the Fourth Cause of Action states that "Defendant's acts were *not* unfair and deceptive and Defendant has become liable under the provisions of the above act." (Complaint, ¶¶ 13-14 and 16-17, emphasis added). As worded, the Fourth Cause of Action does not state a claim upon which relief can be granted. If the word "not" were removed from the Fourth Cause of Action, to correct an apparent error, the Fourth Cause of Action would still be subject to dismissal because it duplicates the Second Cause of Action.

## CONCLUSION

As worded, Denenberg's Complaint cannot survive Ruder's motion to dismiss for lack of personal jurisdiction. Because I will grant Ruder's motion on that basis, I will not address his motion to dismiss for improper venue, nor his alternative motion to transfer venue.

IT IS ORDERED:

1. The Defendant's Motion to Dismiss (Filing No. 23) is granted for lack of personal jurisdiction;

2. The Plaintiff is granted leave to amend his Complaint with respect to the First, Second and Third Causes of Action within ten days of the date of this Order; and

7

3.  On the Court's own motion, the Plaintiff's Fourth Cause of Action is dismissed, with prejudice.

Dated this 28th day of December, 2005.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        United States District Judge