# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN M. DENENBERG,  )  | CASE NO. 8:05CV215 |
| )  | |
| Plaintiff,  )  | |
| )  | MEMORANDUM |
| vs.  )  | AND ORDER |
| )  | |
| ROBERT RUDER,  )  | |
| )  | |
| Defendant.  )  | |

This matter is before the Court on the Defendant's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406; or, in the alternative, to transfer the action to the United States District Court for the Central District of California. (Filing No. 38). For the reasons stated below, the Defendant's motions will be denied.

## FACTS

When considering a motion to dismiss, the Court must view the factual allegations in the light most favorable to the plaintiff. *Digi-tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Thus, I will, as I must, accept all factual allegations in the Amended Complaint (Filing No. 37) as true, and I will draw all reasonable inferences in favor of the Plaintiff, Steven M. Denenberg ("Denenberg"). *Id.* I also note that the Defendant, Robert Ruder ("Ruder") has not denied Denenberg's allegations at this stage of the proceedings, although Ruder has submitted an affidavit and other evidentiary materials addressing the issues of personal jurisdiction and venue.

Denenberg is a plastic surgeon residing in Omaha, Nebraska. (Amended Complaint ¶¶ 1, 3). Ruder is also a plastic surgeon, residing in California. (*Id.* ¶¶ 1, 2). Denenberg has an internet website that includes pictures of his patients, showing their appearance

both before and after their plastic surgery that he performed.  (*Id.* ¶ 6).  The content of Denenberg's website and the website itself were created in Nebraska, and have been registered with the United States Patent and Copyright Office and are protected by copyright law.[1]  (*Id.* ¶¶ 6-7).  The copyright certificate of registration includes three references to the owner's residence in Omaha, Nebraska. (*Id.*). Every page of the website contains the line: "© Copyright 1996-2003 Steven M. Denenberg, MD." (Amended Complaint ¶ 5.1).  The "Copyright" reference is a hyperlink to a page that informs the viewer that the text, programming, photographs, and figures on the website are protected by copyright.  (*Id.*, Ex. 2).  The "Steven Denenberg, MD" reference is also a hyperlink to a page that provides information about Denenberg, including the fact that his practice is in Omaha, Nebraska, and information on how to arrange "a trip to Omaha for facial surgery." (*Id.*, Ex. 5).  Every page on the website also contains a link on the navigation bar that says "About us," that takes the reader to a page giving Denenberg's address in Omaha, Nebraska.  (*Id.*, Ex. 6).  Denenberg performs plastic surgery on patients from around the world, and has seen patients from 45 different countries in his Nebraska office, and has performed operations in Nebraska on 33 patients from California in the last two years.  (*Id.* ¶ 7).

In or about the year 2004, Ruder allegedly established a website for his plastic surgery practice, displaying numerous pictures of Denenberg's patients, on whom Denenberg had operated in Nebraska, copied from Denenberg's website.  (*Id.* ¶¶ 8-10; Affidavit of Steven M Denenberg, Filing No. 33-2 ("Denenberg Aff.") ¶¶ 5-6; and copy of

---

[1] A copy of a Certificate of Registration in Denenberg's index of evidence indicates that the registration was effective September 5, 2002.  Filing No. 33-5.

allegedly infringing website, Filing No 33-3). In 2005, after Denenberg sent Ruder a cease-and-desist letter, Ruder allegedly removed the infringing pictures from his website, but printed copies of the pictures and used the pictures in his office when consulting with patients, fraudulently representing that he was the surgeon who had operated on the patients. (Amended Complaint ¶¶ 14-16).

On May 11, 2005, Denenberg filed his Complaint in this Court and was later granted leave to amend the Complaint to demonstrate this Court's personal jurisdiction over Ruder. (Memorandum and Order at Filing No. 36). The Amended Complaint alleges four causes of action: (1) copyright infringement[2] by Ruder in the posting of material from Denenberg's website on Ruder's website, (2) copyright infringement by Ruder in the printing of material from Denenberg's website and the fraudulent use of such printed materials as depictions of Ruder's own patients and surgical procedures, (3) a Lanham Act[3] violation by Ruder in using false or misleading representations of fact likely to cause confusion, mistake or deceit as to the services or commercial activities of another person, and (4) a Nebraska Consumer Protection Act[4] violation by Ruder in using unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Denenberg seeks damages, injunctive relief, attorneys fees, interest, costs, and other relief.

Ruder claims that he has never conducted business in Nebraska, solicited business from Nebraska, or had any contacts whatsoever with Nebraska or its residents. (Affidavit

---

[2] 17 U.S.C. § 101, *et seq.*

[3] 15 U.S.C. § 1125.

[4] Neb. Rev. Stat. § 59-1602 (Reissue 2004).

of Robert Ruder, Filing No. 25 (hereafter "Ruder Aff.") ¶¶ 6-13, 15). Ruder also claims that his website was established in California, and that all the documentary evidence and witnesses concerning his website are in California. (*Id.* ¶¶ 16-17). Finally, Ruder claims that it would work a severe hardship on him to be required to defend the action in Nebraska. (*Id.* ¶ 18).

## DISCUSSION

When deciding whether this Court has jurisdiction over a non-resident defendant, I first must determine whether the requirements of Nebraska's long-arm statute are satisfied. Second, I must ensure that the exercise of personal jurisdiction over the defendant would not violate due process. *Digi-tel*, 89 F.3d at 522.

Nebraska's long-arm statute extends jurisdiction over non-resident defendants to the full extent allowed by the Due Process Clause of the United States Constitution. Neb. Rev. Stat. § 25-536 (1995); *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77 (Neb. 1995). Due process requires that a non-resident defendant have minimum contacts with the forum state such that the maintenance of a suit against the defendant does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The non-resident defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It is essential that "'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of

its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

If a defendant purposefully established minimum contacts with the forum state, the contacts must be analyzed to determine whether the exercise of personal jurisdiction over the defendant is consistent with fair play and substantial justice. *Id*. at 476. The Eighth Circuit applies a five-factor test: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents and (5) the convenience of the parties." *Digi-tel*, 89 F.3d at 522-23, citing *Wessels, Arnold & Henderson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995). The first three factors are of primary importance, and the last two are secondary. *Id.*, citing *Minnesota Min. and Mfg. Co. v. Nippon Carbide Indus. Co.*, 63 F.3d 694, 697 (8th Cir. 1995).

Denneberg alleges, and at this stage of the proceedings Ruder does not deny, that Ruder intentionally appropriated copyrighted photos from Denenberg's website that depict Denenberg's patients before and after surgery performed by Denenberg, and then posted the photos on Ruder's own website and displayed printed copies of the photographs in an office notebook, both for the purpose of misleading and deceiving potential patients and enhancing his own practice. Such intentional conduct can give rise to specific[5] personal jurisdiction over a defendant in the forum where a plaintiff's website was established,

---

[5] Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within a forum state, while general jurisdiction refers to the power of a state to hear any cause of action involving a particular defendant, wherever the cause of action arose. *Bell Paper Box, Inc. v. U.S. Kids., Inc.*, 22 F.3d 816, 819 (8th Cir. 1994).

5

particularly if the website bore indicia that it was created in the forum, by a resident of the forum, for the promotion of business in the forum. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1103 (8th Cir. 1996)(holding that due process is satisfied for purposes of specific personal jurisdiction if a defendant intentionally directed his activities at residents of the forum, and the litigation is based on injuries arising out of, or relating to, those activities).

In another action brought in this Court by Denenberg against a Pennsylvania dentist who, allegedly, copied text verbatim from Denenberg's website, Judge Richard Kopf denied the defendant's motion to dismiss for lack of personal jurisdiction, stating:

> The amended complaint alleges that the work involved in the creation of the Web site occurred in Nebraska, and the underlying computer code was created in Nebraska. . . . It further asserts that the copyright information on every page of Plaintiff's website listed Plaintiff's name and address in Nebraska, that Defendant stripped out Plaintiff's copyright notice and inserted his own name and address, and then posted the infringing material on this own Web site. Having taken these actions, Defendant "should reasonably anticipate being haled into court" in Nebraska. *World-Wide Volkswagen,* 444 U.S. at 297. These contacts between Defendant and Nebraska constitute "purposeful availment" because they are not "random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party," *Burger King*, 471 U.S. at 475. Thus Defendant's own actions created minimum contacts with Nebraska.
> . . . .
> When an intentional act is aimed at the forum with knowledge that the brunt of the injury" will be suffered in the forum, then the intentional tortfeasor must "reasonably anticipate being haled into court" in the forum. *Calder v. Jones*, 465 U.S. 789-90 (1984). Here, Plaintiff has alleged intentional copyright infringement. Defendant knew that the brunt of the injury from his copying would fall upon Plaintiff in Nebraska.

*Denenberg v. Berman*, U.S. Dist. Ct., D. Neb., 4:02cv7, Filing No. 32, p. 4-5.

I concur with Judge Kopf's reasoning. Although the facts presented in this case are somewhat different from those in *Berman*, accepting the allegations in the Amended

Complaint as true, Ruder's intentional acts were aimed at this forum with the knowledge that the brunt of the injury would be suffered by Denenberg in this forum, and Ruder should reasonably have anticipated being haled into court in this forum.

The briefs of both parties present lengthy discussions of the factors addressed in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), recognized in the Eighth Circuit as an appropriate analytical framework for determining whether or not a defendant's website may provide a court with personal jurisdiction over the defendant.  See *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 711 (8th Cir. 2003). Whether or not Ruder's own website is considered "interactive" or "passive," and whether or not that website was aimed at soliciting business in Nebraska, are not central to the question of personal jurisdiction in this case.  Because it is alleged that Ruder purposefully and fraudulently misappropriated copyrighted materials from Denenberg's website, and that Denenberg's website clearly described Denenberg's business location in Nebraska, it is the five *Digi-tel* factors, and not the *Zippo* factors, that are important to the Court's analysis.  Considering all five *Digi-tel* factors, and giving greatest weight to the first three of those factors, I conclude that the exercise of personal jurisdiction over Ruder in this Court is consistent with fair play and substantial justice.

With respect to Ruder's alternative requests for dismissal based on improper venue, or for transfer of venue, 28 U.S.C. § 1400(a) provides:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found.

"A defendant 'may be found' wherever that person is amenable to personal jurisdiction." *Linzer v. EMI Blackwood Music, Inc.*, 904 F.Supp. 207, 215 (S.D.N.Y. 1995).  Section

1400(a) "has been interpreted to mean that a copyright action may be brought in any district in which the defendant is subject to personal jurisdiction." *Network Professionals, Inc., v. Network International Ltd.*, 146 F.R.D. 179, 185 (D. Minn. 1993), citing *Store Decor Div. of Jas Int'l v. Stylex Worldwide Ind.*, 767 F. Supp. 181, 185 (N.D. Ill. 1991).  Because I have concluded that this Court has personal jurisdiction over Ruder, he "may be found" in this district for venue purposes under 28 U.S.C. § 1400(a), and his motion to dismiss for lack of proper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 is denied.

Finally, Ruder asks that the action be transferred to the United States District Court for the Central District of California, under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice.  Such a transfer of venue is a matter within the discretion of a district court, and the decision of the district court may not be set aside, absent a clear showing of an abuse of discretion.  *Rolscreen Co. v. Pella Products of St. Louis, Inc.,* 64 F.3d 1202, 1208 (8th Cir. 1995), citing *Everett v. St. Ansgar Hosp.*, 974 F.2d 77, 79 (8th Cir. 1992).  While Ruder argues that certain witnesses and evidence may be found in California, and that his business and family may suffer if he is required to travel to Nebraska for proceedings in this case, it appears that at least as many witnesses and at least as much relevant evidence may be found in Nebraska, and that Denenberg's business and family concerns are not significantly different from Ruder's.  The same facts that led me to conclude that this Court has personal jurisdiction over the Defendant also lead me to conclude that Nebraska is the most appropriate venue.

## CONCLUSION

This Court has personal jurisdiction over the Defendant, Robert Ruder, and venue is proper in this Court.

IT IS ORDERED:

The Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, or to Transfer Venue (Filing No. 38) is denied.

Dated this 15th day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge