# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN M. DENENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 8:05CV215 |
| ) | |
| ROBERT RUDER, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

    This matter is before the court on plaintiff's Motion for an order requiring the defendant to retain local counsel (Filing 47).

    Defendant's local counsel were given leave to withdraw, as the defendant is also represented by attorney Erik S. Syverson of Los Angeles, California. Apparently, Mr. Syverson wishes to conduct the parties' Rule 26(f) planning conference by telephone in lieu of traveling to Omaha at this time. The motion advises that moving counsel has refused to conduct the conference by telephone and insists that local counsel withdrew as part of "a plan to defeat the purpose and the spirit of the Rule 26(f) and to force the Plaintiff into a rule 26(f) telephone conference."

    The Rule 12(f) meeting allows the parties an opportunity to structure their discovery plan and litigation schedule. The rule provides that the attorneys of record are jointly responsible for arranging the conference, for attempting in good faith to agree on a proposed discovery plan, and for submitting a planning report to the court. Based on the information contained in the motion, I do not believe the plaintiff's position is reasonable. The plaintiff has shown no cause whatsoever for the court to take the extraordinary step of requiring the defendant to affiliate with local counsel.

    I note that it is quite common for counsel in this district to confer by telephone for purposes of providing the court with a rudimentary planning report. I believe it would be more efficient and cost-effective at this stage of the proceeding for counsel to conduct the Rule 26(f) planning conference by telephone and report to the court no later than **March 16, 2006**, as previously ordered.

    My expectations in this matter are best stated in the Advisory Committee Notes to the 1993 amendments to Rule 26(f):

The litigants are expected to attempt in good faith to agree on the contents of the proposed discovery plan.  If they cannot agree on all aspects of the plan, their report to the court should indicate the competing proposals of the parties on those items, as well as the matters on which they agree. Unfortunately, there may be cases in which, because of disagreements about time or place or for other reasons, the meeting is not attended by all parties or, indeed, no meeting takes place. In such situations, the report–or reports– should describe the circumstances and the court may need to consider sanctions under Rule 37(g).

**IT IS ORDERED:**

1. Plaintiff's Motion for an order requiring the defendant to retain local counsel (Filing 47) is denied.

2. Counsel of record shall meet and confer pursuant to Fed. R. Civ. P. 26(f) and electronically file a joint planning report with the court no later than March 16, 2006.

**DATED March 9, 2006.**

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**