IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 8:05CV215 |
| | ) | |
| ROBERT RUDER, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter has been assigned to the magistrate judge for full pretrial supervision. The plaintiff has filed the following documents:

55  INDEX IN RESPONSE TO DEFENDANT'S OBJECTION TO NOTICE OF DEFENDANT'S DEPOSITION (docketed as an "INDEX-CONTINUED"),

56  BRIEF IN SUPPORT OF DEPOSITION IN NEBRASKA, and

57  A letter to the court dated May 10, 2006 to be attached to Filing 56,

from which I glean the following information. Apparently, the plaintiff served a notice of deposition on the defendant, requiring him to travel to Nebraska to be deposed. Apparently, the defendant objects to being deposed in Nebraska. Neither the deposition notice nor the objection have been filed, either in the normal course of the lawsuit[1] or as evidentiary materials. Consequently, none of this "information" is of record, and the court has no basis to take any action with respect to Filings 55, 56 or 57. Since those filings serve no purpose, they will be stricken.

Counsel are advised that the court will not take any action regarding the place or conduct of the defendant's deposition until a record is made showing (1) the deposition notice that was reportedly served on the defendant, and (2) the defendant's specific objections to the

---

[1] Rule 5(d) of the Federal Rules of Civil Procedure provides: "All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service[.]" This rule would, of course, pertain to the filing of deposition notices and the like.

deposition notice. The matter may be presented to the court by the filing of either a properly supported Motion to Compel (by the plaintiff) or a properly supported Motion to Quash (by the defendant). In this regard, a copy of Fed. R. Civ. P. 30 is attached for counsel's convenience and review. A copy of NECivR 7.1, governing motion practice in this district, is also attached for counsel's convenience and review.

**IT IS ORDERED** that Filings 55, 56 and 57 are stricken from the record without prejudice to plaintiff filing a properly supported motion in **full compliance** with NECivR 7.1 and the Federal Rules of Civil Procedure.

**DATED May 17, 2006.**

                    **BY THE COURT:**

                    **s/ F.A. Gossett**
                    **United States Magistrate Judge**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**UNITED STATES CODE ANNOTATED**
**FEDERAL RULES OF CIVIL PROCEDURE**
**FOR THE UNITED STATES DISTRICT COURTS**
**V. DEPOSITIONS AND DISCOVERY**

**Rule 30. Depositions Upon Oral Examination**

**(a) When Depositions May Be Taken; When Leave Required.**

(1) A Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45.

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,

(A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;

(B) the person to be examined already has been deposed in the case; or

(C) a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

**(b) Notice of Examination: General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone.**

(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

(2) The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means.

(3) With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders.

(4) Unless otherwise agreed by the parties, a deposition shall be conducted before an officer appointed or designated under Rule 28 and shall begin with a statement on the record by the officer that includes (A) the officer's name and business address; (B) the date, time, and place of the deposition; (C) the name of the deponent; (D) the administration of the oath or affirmation to the deponent; and (E) an identification of all persons present. If the deposition is recorded other than stenographically, the officer shall repeat items (A) through (C) at the beginning of each unit of recorded tape or other recording medium. The appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. At the end of the deposition, the officer shall state on the record that the deposition is complete and shall set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits, or concerning other pertinent matters.

(5) The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request.

(6) A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,

the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

(7) The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.

**(c) Examination and Cross-Examination; Record of Examination; Oath; Objections.**

Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615. The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other method authorized by subdivision (b)(2) of this rule. All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections. In lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and the party taking the deposition shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.

**(d) Schedule and Duration; Motion to Terminate or Limit Examination.**

(1) Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d) (4).

(2) Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

(3) If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

(4) At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**(e) Review by Witness; Changes; Signing.**

If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

**(f) Certification and Delivery by Officer; Exhibits; Copies.**

(1) The officer must certify that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. This certificate must be in writing and accompany the record of the deposition. Unless otherwise ordered by the court, the officer must securely seal the deposition in an envelope or package indorsed with the title of the action and marked "Deposition of [here insert name of witness]" and must promptly send it to the attorney who arranged for the transcript or recording, who must store it under conditions that will protect it against loss, destruction,

tampering, or deterioration. Documents and things produced for inspection during the examination of the witness must, upon the request of a party, be marked for identification and annexed to the deposition and may be inspected and copied by any party, except that if the person producing the materials desires to retain them the person may (A) offer copies to be marked for identification and annexed to the deposition and to serve thereafter as originals if the person affords to all parties fair opportunity to verify the copies by comparison with the originals, or (B) offer the originals to be marked for identification, after giving to each party an opportunity to inspect and copy them, in which event the materials may then be used in the same manner as if annexed to the deposition. Any party may move for an order that the original be annexed to and returned with the deposition to the court, pending final disposition of the case.

(2) Unless otherwise ordered by the court or agreed by the parties, the officer shall retain stenographic notes of any deposition taken stenographically or a copy of the recording of any deposition taken by another method. Upon payment of reasonable charges therefor, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent.

(3) The party taking the deposition shall give prompt notice of its filing to all other parties.

**(g) Failure to Attend or to Serve Subpoena; Expenses.**

(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness because of such failure does not attend, and if another party attends in person or by attorney because that party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

CREDIT(S)

(As amended Jan. 21, 1963, eff. July 1, 1963; Mar. 30, 1970, eff. July 1, 1970; Mar. 1, 1971, eff. July 1, 1971; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000.)

Civil Rules of the United States District Court
for the District of Nebraska (NECivR)

**7.1 Motion Practice.** All motions, applications, requests, and petitions of a miscellaneous nature shall be filed and considered in accordance with this rule. Except as otherwise stated in this rule, a party who fails to observe the requirements of this rule may be deemed to have abandoned in whole or in part that party's position on the pending motion.

   **(a) Making a Motion.** A party making a motion shall state the basis for the motion and the specific relief requested.

   **(1) Supporting Brief.**

   **(A) Substantial Issue of Law.** A motion raising a substantial issue of law must be supported by a paginated brief filed and served contemporaneously with the motion. The brief shall state concisely the reasons for the motion and cite the authorities relied upon. The brief shall not recite facts unless supported as provided in subparagraph (a)(2) of this rule.

   **(B) No Substantial Issue of Law.** A party need not file a brief if the motion raises no substantial issue of law and relief is within the court's discretion. Examples include motions to which all parties consent, to withdraw as counsel to a party, for an extension of time, or for leave to proceed in forma pauperis. Should the court conclude that the motion raises a substantial issue of law, however, it may treat a party's failure to file a brief as an abandonment of the motion.

   **(2) Evidence and Evidence Index.**

   **(A) Factual Support.** Except for discovery motions described in subparagraph (i) of this rule, if a motion requires the court to consider any factual matters not established by the pleadings, the moving party at the time of filing the supporting brief shall also file and serve the evidentiary materials on which the party is relying and which have not previously been filed. Every factual assertion in the motion and the supporting brief shall cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence upon which the moving party relies.

   **(B) How to File.** The filing of evidence in support of a motion shall be governed by Administrative Procedure IV.B. Evidentiary materials shall not be attached to the brief but shall instead be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates.

   **(C) Required Affidavit.** Any documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed.

**(b) Opposing a Motion.**

    **(1) Opposing Brief.**

        **(A) Form and Content.** The party opposing a motion shall not file an "answer," or "opposition," "objection," or "response" to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon. The brief shall not recite facts unless supported as provided in subparagraph (b)(2) of this rule.

        **(B) Time for Filing.** A brief opposing a motion to dismiss or for summary judgment must be filed and served no later than twenty (20) days after the motion and supporting brief are filed and served. A brief opposing any other motion must be filed and served no later than ten (10) days after the motion and supporting brief are filed and served.

        **(C) Effect of Failure to File.** Failure to file an opposing brief shall not be considered to be a confession of the motion, but shall preclude the nonmoving party from contesting the moving party's statement of facts.

    **(2) Evidence and Evidence Index.**

        **(A) Factual Support.** The non-moving party shall, at the time of filing the opposing brief, also file and serve any evidentiary materials on which the party is relying and which have not previously been filed. Every factual assertion in the opposing brief shall cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence relied on by the non-moving party.

        **(B) How to File.** The filing of evidence in opposition to a motion shall be governed by Administrative Procedure IV.B. Evidentiary materials shall not be attached to the brief but shall instead be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates.

        **(C) Required Affidavit.** Any documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed.

**(c) Replying to Opposing Briefs and Evidence.** The moving party may file a reply brief and index of evidence no later than five (5) days after the nonmoving party files and serves the opposing brief. The reply brief may not merely repeat the moving party's initial arguments, but must address factual or legal issues raised in the opposing brief. No further briefs or evidence may be filed without the court's leave.

**(d) Request for Oral Argument.** When filing a supporting, opposing, or reply brief, a party may include a motion or request to present oral argument, with or without oral testimony. In general, however, the court will not grant leave for oral argument on motions. The brief of the moving party shall state why oral argument or an evidentiary hearing is requested or will be of assistance to the court's determination of the issue raised by the motion, and approximately how much time will be required for the argument or hearing.

**(e)** **Request for Oral Testimony.** A party failing to request oral testimony consents to a submission of the motion without oral testimony. No oral testimony will be permitted without the court's prior leave.

**(f)** **Submission of Motions.** Unless the court grants leave for oral argument, a motion shall be deemed submitted on the briefs and the evidence filed, if any, when the time limit specified in subparagraph (c) of this rule expires. The judge to whom the matter has been assigned or referred may reject a brief filed without leave after the motion has been submitted.

**(g)** **Procedures for Motions for Summary Judgment.** *See* Nebraska Civil Rule 56.1.

**(h)** **Extensions of Time for Filing or Responding to Motions.** *See* Nebraska Civil Rule 6.1.

**(i)** **Discovery Motions.** To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them. As used in this rule, "counsel" includes parties who are acting pro se.

   **(1)** **"Personal Consultation" Defined.** "Personal consultation" shall include person-to-person conversation, either in the physical presence of each counsel or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails between or among counsel may also constitute personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party.

   **(2)** **Form.** A discovery motion shall include in the text of the motion or in an attachment a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion.

**(j)** **Conference Telephone Calls.** The judge may conduct a hearing on a motion by telephone conference or, if available, video conference.

**(k)** **Certificate of Service.** All motions, briefs, and evidence indexes require a certificate of service under Nebraska Civil Rule 5.4.