# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **STEVEN M. DENENBERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 8:05CV215 |
| | ) | |
| **ROBERT RUDER,** | ) | ORDER |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the court on documents filed by the plaintiff (Filings, 63, 64 & 65) which, collectively, the court liberally construes to constitute a motion to compel the defendant to appear for deposition in Omaha, Nebraska. Defendant has filed a brief and evidence index in opposition (Filings 66 & 67).

The plaintiff and defendant are plastic surgeons. Both operate web sites. Dr. Denenberg resides in Omaha, Nebraska. Dr. Ruder resides in or near Los Angeles, California. In summary, Denenberg alleges that Ruder displayed various photographs which were previously displayed on Denenberg's web site, that Denenberg owns a copyright for those photographs, and that Ruder's conduct caused damage to Denenberg.

On or about April 26, 2006, Denenberg served a notice requiring Ruder to appear for deposition in Omaha, Nebraska on June 10, 2006. *See* Filing 59. Ruder objects to being deposed in Omaha and has suggested that his deposition be taken by telephone or in Los Angeles. Denenberg rejected those suggestions and insists that Ruder must appear in Omaha.

"An out-of-state deponent is under no obligation to travel to the location where the case was filed for a deposition." *O'Sullivan v. Rivera*, 229 F.R.D. 187, 188 (D.N.M. 2004).

> [F]ederal judges have authority to issue protective orders pertaining to discovery to prevent undue burden. *See* Fed. R. Civ. Proc. 26(c). Although the examining party generally designates the location for the deposition of another party under Federal Rule of Civil Procedure rule 30(b), a court may grant a protective order to appoint a different place under rule 26(c)(2) of the Federal Rules of Civil Procedure. Rule 26(c)(2) enables a court to issue a protective order to protect a party from "undue burden or expense." Fed. R. Civ. Proc. 26(c). When making the determination of whether a protective order

is proper, "[t]he trial court has great discretion in establishing the time and place of a deposition." *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). Because the Plaintiff has greater influence over the choice of forum, "courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2112 (1994). As explained in *Metrex Research Corp. v. United States*, 151 F.R.D. 122 (D. Colo. 1993), "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Id*. at 125.

*Id.* at 189.

While Judge Smith Camp has determined that this court has personal jurisdiction over the defendant, *see* Filing 42, that factor is insufficient, in and of itself, to require Dr. Ruder to travel to Omaha to be deposed. *See id.*

Although neither party's arguments are particularly compelling, having considered the parties' various writings, I find that Dr. Ruder should not be compelled to travel to Omaha to be deposed. I will not reconsider this decision.

**IT IS ORDERED** that plaintiff's motion to compel the defendant to appear for deposition in Omaha, Nebraska is denied.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECivR 72.2(d).

**DATED June 5, 2006.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**