IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | CASE NO. 8:05CV215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROBERT RUDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Steven Denenberg's Statement of Appeal of Magistrate Judge's Order (Filing No. 71). Denenberg appeals Magistrate Judge Gossett's June 5, 2006, Order (Filing No. 68), which denied Denenberg's motion to compel Defendant Robert Ruder to appear for deposition in Omaha, Nebraska. The matter has been fully briefed. For the reasons stated below, Denenberg's statement of appeal will be denied.

### STANDARD OF REVIEW

In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NELR 72.2(c); *United States v. Apker,* 139 F.R.D. 129, 131 (D. Neb. 1991). "'Clearly erroneous' is a high standard to meet; the challenger must convince the reviewing court that a mistake has been made." *Smith v. BMI, Inc.,* 957 F.2d 462, 463 (7th Cir. 1992).

### DISCUSSION

Denenberg resides in Omaha, Nebraska, and Ruder resides in or near Los Angeles, California. (Filing No. 68). Denenberg served a notice requiring Ruder to appear for deposition in Omaha, Nebraska, on June 10, 2006. (*Id.*). Ruder objected to being

deposed in Omaha and suggested his deposition take place by telephone or in Los Angeles.  (*Id.*).  Denenberg filed a motion to compel Ruder to appear for deposition in Omaha, and Judge Gossett denied the motion.  (*Id.*).  In making his decision, Judge Gossett cited *O'Sullivan v. Rivera,* 229 F.R.D. 187, 188 (D.N.M 2004), where the court stated "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."  (citations omitted).

Denenberg agrees with the law cited by Judge Gossett but claims "[e]xceptional or unusual circumstances exist which overcome the presumption that [Ruder's] deposition will be held in [the] district of his residence."  (Filing No. 71 at 1).  In support of his argument, Denenberg argues that if Ruder's deposition is taken in Los Angeles, Denenberg will need to travel to Los Angeles because his counsel needs his expertise to respond to and follow up on questions during the deposition.  (*Id.*).  Denenberg claims that Ruder, not Denenberg, should bear the additional expense and loss of time to appear for the deposition.  (*Id.* at 11).

Denenberg fails to point to any mistake of law in Judge Gossett's order; instead, Denenberg reiterates his allegations against Ruder, claiming the actions allegedly taken by Ruder, relating to Denenberg's plastic surgery photographs, are unusual.  (*Id.* at 10). Denenberg's unproven allegations against Ruder do not constitute "exceptional or unusual circumstances" to overcome the presumption that Ruder's deposition should be taken in Los Angeles.  Courts may not set aside magistrate judge's orders unless it is shown that

the order was clearly erroneous or contrary to law. The Court finds Judge Gossett's order was neither clearly erroneous nor contrary to law. Accordingly,

IT IS ORDERED:

Plaintiff's Statement of Appeal of Magistrate Judge's Order (Filing No. 71) is denied.

Dated this 27th day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge